Christina A. Otis, as Administratrix of the Estate of Gerald
S. Otis, Deceased, Plaintiff, *v.* Novadel Agene Corporation
et al., Defendants.

Supreme Court, Special Term, Erie County, September 2, 1954.

*Robert H. Daley* for defendants.

*Robert J. Lansdowne* for plaintiff.

WARD, J. The defendant Novadel Agene Corporation moves pursuant to section 291 of the Civil Practice Act and rule 124 of the Rules of Civil Practice, for an order modifying and vacating a certain notice of examination dated July 27, 1954, served upon the defendant on behalf of the plaintiff upon the ground that with one exception those persons whose depositions are to be taken are not defendants in the action nor are they employees of the defendant Novadel of the requisite managerial or representative capacity to permit their testimony to be taken pursuant to section 289 of the Civil Practice Act. Defendant Novadel also moves upon the ground that there appears no special circumstance rendering it proper that such examination of these employees be taken, and further upon the ground that the plaintiff has selected an unreasonable time and schedule of the examination of these persons.

The notice of examination seeks to take the testimony by deposition of twelve persons employed by defendant Novadel in various capacities.

Plaintiff's decedent, Gerald S. Otis, was killed as the result of an extensive explosion and fire which occurred on the property of the defendant Novadel on September 23, 1953. The action herein is brought pursuant to section 130 of the Decedent Estate Law to recover damages resulting to next of kin for wrongful death.

The notice to examine adverse parties before trial recites that it is pursuant to sections 288, 289, 290, 296, 299, 301 and 302 of the Civil Practice Act, and also pursuant to the Rules of Civil Practice contained within title 15 thereof.

This is an effort to examine an adverse party. Section 288 of the Civil Practice Act provides for such examination when such testimony is material and necessary in the prosecution or defense of an action. This defendant, being a corporation, its testimony must be taken as provided by section 289 of the Civil Practice Act. This section authorizes the taking of the testimony of a corporation through its officers, directors, agents or employees, which testimony is material and necessary. The proposed examination, being upon notice and not pursuant to an order, section 296 of the Civil Practice Act above has no application, nor does section 299 of the Civil Practice Act, as no subpœna is sought. Sections 301 and 302 of the Civil Practice Act designate the person or officer before whom the testimony may be taken and the manner of taking the testimony. Title 15 of the Rules of Civil Practice embraces rules 120 to 133. I am assuming that plaintiff is relying primarily herein

upon rule 121-a of the Rules of Civil Practice. The motion here is made upon a notice of motion supported by an affidavit of Robert H. Daley, attorney for the defendants, the amended summons and complaint and answer of defendant Wallace & Tiernan, Inc. (referred to in amended complaint as Novadel Agene Corporation and referred to herein as defendant Novadel), an answering affidavit by Robert J. Lansdowne, attorney for the plaintiff.

The principal issue here is whether the word " employees " in section 289 of the Civil Practice Act includes any employee of a corporation who has knowledge of the facts and whose testimony is material and necessary or whether such employee must stand in a managerial or representative capacity to the corporation in order that his testimony may be taken in an examination of his employer as an adverse party.

Defendant here claims that those employees sought to be examined by the plaintiff do not occupy a managerial or representative position with the defendant Novadel except for one Franciscus Visser't Hooft, and that therefore the testimony of the others may not be taken by deposition before trial in an effort to examine an adverse party. There is no dispute that all persons sought to be examined are employees of defendant Novadel. It must be remembered that this examination sought is an examination of a party. The notice to examine recites " the testimony of the defendant Novadel Agene Corporation will be taken as an adverse party before trial * * * through the following officers, agents, servants and employees of the said defendant." I do not understand the notice to examine to be an effort for an examination of " any other person which is material and necessary * * * where * * * other special circumstances render it proper that his deposition should be taken." (Part of last sentence of Civ. Prac. Act, § 288.) Before deciding the issue, I find that David Rankin, Frederick J. G. de Leeuw, Bernard E. Clark, Franciscus Visser't Hooft, Don Hamilton, William E. Lloyd and Cecil Pettit, occupy positions of managerial and representative capacity. Because of the position of the defendant in this motion that such persons are proper subjects of examination, the examination of these persons may be had pursuant to section 289 of the Civil Practice Act.

There remains, therefore, the question as to whether the testimony of those others not in such capacities can be taken in an effort to examine their employer as an adverse party.

Section 289 of the Civil Practice Act should be read together with rule 121-a of the Rules of Civil Practice, keeping in mind that this action is to recover for wrongful death. By the notice to examine, plaintiff seeks to examine the defendant Novadel upon " all the relevant facts and circumstances in connection with the accident alleged in the complaint in this action, including negligence, contributory negligence, liability, and damages ". Such language is declared to be sufficient by rule 121-a of the Rules of Civil Practice. If the party to be examined is a living person, such testimony can come from his lips. The corporation can speak only through living persons. The persons who can speak for the corporation are described by section 289 of the Civil Practice Act. One of those persons is an employee. It seems to me that the present language of the statute, as amended in 1941, places no qualification upon such employee, except that his testimony be material and necessary. Of course, before his testimony has the quality of materiality and necessity, he must have knowledge of the facts. Defendant here claims it would work a hardship and an injustice upon an employer to be bound by the testimony of one not occupying a managerial or representative capacity. Of course, a defendant is not bound by the testimony of an employee upon this kind of examination. The credibility of the employee may become a question of fact for the jury, if he testifies differently upon the trial of the action, but his testimony, given upon the examination sought herein does not preclude his employer from showing the facts are otherwise than as testified to by him.

I hold that in this action, an employee of the defendant Novadel Corporation may be examined and his testimony taken by deposition upon this notice to examine an adverse party pursuant to section 289 of the Civil Practice Act, on the subject of negligence, contributory negligence, liability and damages, when it appears that such employee has knowledge of the facts and such testimony is material and necessary to the prosecution or defense of the action. Applying this holding to the examination sought here and to this motion, I find that a proper showing has been made as to the materiality and necessity of the testimony of all those sought to be examined by the notice of examination, including those above-designated as holding managerial and representative offices (although it is not necessary here to find that those persons do occupy managerial and representative capacities), except as to Louis Chinni, David C. Noller and Ruth Blair. As to them, it does not appear that their testimony is material and necessary.

Defendant further objects to the timing of the examination as set forth in the notice. As proposed in the notice, the examination would extend over a period of seven days, one examination occurring at 10:00 A.M. each day and the next at 2:00 P.M. each day. I believe this plan is unreasonable and unrealistic. Again, this is an examination of an adverse party. Such examination should be fixed as to time and place (Civ. Prac. Act, § 290). The persons through whom the defendant is to be examined should be produced by the defendant at that time and that place for examination en masse, ready for examination in an order chosen by the plaintiff. Each examination should immediately follow the previous examination, except for reasonable adjournments as directed by the person before whom the testimony is taken (Rules Civ. Prac., rule 127). I am confident that eminent counsel for the parties can work out a plan of examination most convenient to all, without requiring a specific direction by the court. Defendant further objects to the examination being had at this time upon the ground that there are other motions pending relative to the bringing in of third parties, and because of the appeal taken from an order granting a preference upon the calendar in Erie County.

It does not seem to me that these motions or appeals have any bearing upon the right of the plaintiff to an examination of the defendant Novadel Corporation as an adverse party. An order may be prepared granting the motion to modify the notice of examination to the extent of striking from such notice the names of Louis Chinni, David C. Noller and Ruth Blair, and also striking from such notice the times scheduled for such examinations. The time, place and person before whom the deposition shall be taken shall be agreed upon between counsel and included within the proposed order upon being initialed by counsel. If counsel cannot agree, I shall make such direction as to time, place and person before whom the deposition shall be taken as to me seems proper.

Prepare and submit order in accordance.